# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRE GLBL, INC., <br><br> Petitioner, <br><br> v. <br><br> JAKE THOMAS, et al., <br><br> Plaintiffs-Respondents, <br><br> v. <br><br> KIMPTON HOTEL & RESTAURANT GROUP, LLC, <br><br> Defendant. | Case No. 21-mc-80053-MMC (JSC) <br> Related Case No. 19-cv-01860-MMC <br><br> **ORDER RE: MOTION TO QUASH** <br> Re: Dkt. No. 1 |

Non-Party Sabre GLBL Inc. filed a motion to quash a subpoena issued by Plaintiffs-Respondents Jake Thomas, Michelle Anderson, Tom Ainsworth, Jonathan Martin, and Salvatore Galati in the District Court for the Central District of California. Sabre and Plaintiffs-Respondents stipulated that the motion be transferred to this District as it arose out of an action pending here: *Thomas et al v. Kimpton Hotel & Restaurant Group, LLC*, 19-cv-01860-MMC. The court granted that request, the motion to quash was transferred here, and opened as this miscellaneous action. (Dkt. No. 6.) The district court in the underlying action then referred the motion to quash to the undersigned. (Dkt. No. 7.) After carefully considering the briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, and GRANTS IN PART and DENIES IN PART the motion to quash.

## BACKGROUND

In the underlying action, Plaintiffs filed a putative class action alleging that Defendant

Kimpton contracted with non-party Sabre to provide a reservation system which Plaintiffs used to book hotel reservations at Kimpton hotels. *Thomas et al v. Kimpton Hotel & Restaurant Group, LLC*, 19-cv-01860-MMC, Dkt. No. 53 at ¶ 3. When they made the reservations, Plaintiffs provided their "private identifiable information" ("PII") which includes their "full name, credit and debit card account numbers card expiration dates, card verification codes, emails, phone numbers, full addresses and other . . . information" *Id*. at ¶ 8. Hackers later accessed Plaintiffs' PII. *Id*. at ¶ 6. In June 2020, the district court granted in part and denied in part Kimpton's motion to dismiss such that only Plaintiffs' claims for breach of contract and failure to maintain reasonable security practices in violation of Cal. Civil Code § 1798.81.5(c) remain. *Thomas et al v. Kimpton Hotel & Restaurant Group, LLC*, 19-cv-01860-MMC, Dkt. No. 61. Discovery is ongoing and Plaintiffs' motion for class certification is due June 18, 2021. (Dkt. No. 67.)

In December 2020, Plaintiffs served a subpoena on non-party Sabre seeking 21 categories of documents. (Dkt. No. 1-3.) Sabre contacted Plaintiffs and argued that many of the documents sought were equally available from Kimpton. (Dkt. No. 1-5.) Plaintiffs agreed to an extension of Sabre's deadline to respond while the parties met and conferred. (Dkt. No. 1-6.) Sabre and Plaintiffs were unable to reach agreement and this motion to quash followed. (Dkt. No. 1.) After the matter was referred to the undersigned, the Court ordered Sabre and Plaintiffs to meet and confer and file further briefing if they were unable to resolve the matter through the good faith meet and confer. (Dkt. No. 8.) The supplemental briefing is now complete. (Dkt. Nos. 11, 12, 13.)

**DISCUSSION**

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Parties may seek discovery within the scope of Rule 26(b) by deposing a witness pursuant to Rule 30 or serving requests for production of documents pursuant to Rule 34. Rule 45 governs discovery of nonparties by subpoena. The scope of discovery under Rule 45 is the same as under Rule 26(b). *See* Fed. R. Civ. P. 45 advisory committee's note (1970); Fed. R. Civ. P. 34(a). A non-party subject to a subpoena may file a motion to quash or modify the subpoena. Fed. R. Civ. P.

45(d)(3)(A). A court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> 
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> 
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> 
> (iv) subjects a person to undue burden.

*Id.* Generally, the party moving to quash under Rule 45(d)(3) bears the burden of persuasion, but "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) (internal quotation marks and citation omitted); *see also Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *4 (N.D. Cal. Apr. 10, 2013) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed.")

Sabre moves to quash the subpoena because (1) the information sought is equally available from Kimpton, who is a party to the underlying action, and (2) the subpoena is overly broad and burdensome.

### 1) Documents Equally Available from a Party

First, to the extent that Sabre objects to producing documents that are equally available from Kimpton, that issue appears moot as Plaintiffs in their opposition state that "[t]o the extent that Sabre's objections to the subpoena cover documents equally available to Kimpton, these objections are perfectly reasonable and acceptable." (Dkt. No. 11 at 3:8-9.) Plaintiffs elsewhere state that they "agree[] that Sabre is not required to produce documents encompassed within Request Nos. 1-8 and 13-17 that have already been produced or could potentially be produced by Kimpton." (Dkt. No. 11 at 5:10-12.) Indeed, these requests seek documents which should be equally available from Kimpton such as:

(1) all documents reflecting agreements, contracts, and terms of service between Kimpton and Sabre (Requests 1, 2);

(2) documents that reflect Sabre's involvement in the creation and enforcement of Kimpton's policies, guidelines, procedures, etc., concerning Kimpton's customers PII as well as Kimpton's involvement in the same for Sabre (Request Nos. 3, 14, 17);

3

(3) documents about Kimpton and Sabre's business, fiscal, or legal relationship, and scope of work Sabre performed for Kimpton (Request Nos. 4-6, 16);

(4) all communications between Sabre and Kimpton relating to the collection, storage, use, transfer and/or protection of Kimpton's customer's PII, as well as communications between the two regarding the data breach (Request Nos. 7-8); and

(5) all documents relating to Kimpton's control, supervision, or input on Sabre's collection of Kimpton's customers PII (Request No. 13).

(Dkt. No. 1-3 at 11-14.) Plaintiffs have not identified any documents that they believe would be responsive to these requests which would be in Sabre's, but not Kimpton's possession, custody, or control, and it has had ample opportunity to do so through meet and confer and briefing. Accordingly, Sabre's motion to quash the subpoena to the extent that it seeks documents equally available from Kimpton is granted. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). To the extent that Plaintiffs subsequently identify *specific* documents not in Kimpton's custody or control, they may serve a new narrowly tailored subpoena.

**2) Burden and Overbreadth**

Second, with respect to the remaining requests (Request Nos. 9-12, 18-21), Sabre argues that the subpoena should be quashed on the basis of burden and overbreadth. Determining whether a subpoena is unduly burdensome "requires the court to consider 'such factors as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by it, the particularly with which the documents are described and the burden imposed.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted). Sabre argues generally that these requests are not limited to the at-issue incident or the underlying action. It suggests that Plaintiffs are using the subpoena as a "fishing expedition" related to claims that were dismissed with prejudice in a prior action Plaintiffs brought against Sabre. *See Smith v. Sabre Corp.*, No. 2:17-cv-05149-SVWAFM (C.D. Cal. Jan. 23, 2018). This blanket argument is unpersuasive. At least for purposes of this motion, there does not appear to be a dispute that Kimpton contracted with Sabre to provide the hotel reservation system that Plaintiffs allege was hacked and that Plaintiffs' PII was accessed by these hackers. Discovery into Sabre's investigation of the hacking incident including security measures which caused the data breach

4

1  (Requests Nos. 11, 12, and 21) are relevant to Plaintiffs' claims in this action.

2  Sabre does, however, point to three requests which are not related to the incident in question and instead broadly seek all documents regarding Sabre's decision to use or not use single-factor authentication, multi-factor authentication, and "advanced behavioral analytics" (Request Nos. 18-20). (Dkt. No. 1-3 at 13-14.) Plaintiffs do not respond to Sabre's arguments regarding these requests, and instead argue as a general manner that its "requests are clear and particular and the documents requested are directly relevant to the cause and effects of the data breach, along with Plaintiffs' remaining claims of breach of contract and violation of Cal. Civ. Code §1798.81.5." (Dkt. No. 11 at 7:12-15.) Plaintiffs' generalized argument regarding relevance fails to persuade and does not address Sabre's breadth and scope objections.

Accordingly, Sabre's request to quash is granted as to Request Nos. 18-20. It is also granted as to Request Nos. 9-10 because Plaintiffs have not made a showing of relevance with respect to these requests which seek contracts between Sabre and Plaintiffs or Sabre and any of Kimpton's other customers—Plaintiffs' breach of contract claim is as to Kimpton, not Sabre. *See Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.") (internal quotation marks and citation omitted). Plaintiffs have, however, made a threshold showing of relevance as to Requests 11, 12, and 21 and Sabre has not shown that responding to these requests would be burdensome; as such, its motion to quash these requests is denied. *See Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *4 (N.D. Cal. Apr. 10, 2013) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed.")

**CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART non-party Sabre's motion to quash. The motion is granted as to Request Nos. 1-10 and 13-20; it is denied as to Request Nos. 11, 12, and 21.

//

This Order disposes of Docket No. 1.

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge